STEWART v. BISHOP *et al.*

1. **Husband and wife: LIABILITY OF WIFE'S PROPERTY.** The rule under section 2502 of the Revision, that in order to exempt the personal property of the wife, left under the control of the husband, from liability for his debts, she must, prior to its being *levied* upon therefor, file notice of her ownership, with the recorder of deeds, applies as well to debts contracted after the acquisition of the property by the wife as to those contracted before.

2. **Instructions: REVIEW OF.** The supreme court will not say that a party has been prejudiced by the giving or refusal of instructions, unless the facts applicable thereto appear in the record.

*Appeal from Lee Circuit Court.*

WEDNESDAY, MARCH 27.

ACTION of replevin for ten billiard tables, with cues and balls, seized by the defendant, John A. Bishop, as the property of C. P. Stewart, husband of plaintiff, under an attachment against him in favor of the other defendant, Thomas McKee. Plaintiff claims that she is entitled to the possession of the property. Answer in denial, and alleging that the property had been left under the control, and in the possession of C. P. Stewart, and was liable for his debts. Jury trial. Judgment for plaintiff. Defendants appeal. The necessary facts appear in the opinion.

*Gilmore & Anderson* for the appellant.

No appearance for the appellee.

DAY, J. — Upon the trial of the cause, the defendant asked the court to instruct the jury as follows:

1. HUSBAND AND WIFE: liability of wife's property.
"If the jury find that, upon May 14, 1869, an attachment was duly issued from the district court of Lee county, Iowa, at Ft.

Stewart v. Bishop.

Madison, and that prior to that time no notice whatever had been given, either actual or constructive, .to the defendant, then the jury must find for the defendant, if they find said property was under the control and in the possession of the husband at the time of the levy." The court refused to give this instruction as asked, but gave it with a modification as follows:

"But if the jury find that the attachment was issued by reason of an indebtedness against said husband that arose before the property in question was purchased by her and with her money, then her property would not be liable for such debt, or on said attachment or execution."

The court further instructed the jury as follows: "If the jury find that the property in question belongs actually to the plaintiff, and the debt in question against her husband was contracted prior to the time she purchased said property with her means, then said property, whether in possession or not of her husband, is not liable for said debt, and is not subject to levy, either by virtue of the writ of attachment or special execution issued in favor of Thomas McKee, and they must find for plaintiff.

Upon the giving of this instruction, and of the former as modified, error is assigned.

Section 2502 of the Revision is as follows: Specific articles of personal property may be owned by the wife, exempt from the husband's debts, although left under his control, if, during his life-time, and prior to its being disposed of by him, or levied upon for his debts, notice of her ownership is filed for record with the recorder of deeds of the county. But such notice shall not exempt her property from liability for his debts contracted after it was left under his control, and before the filing of the notice aforesaid, except as against those having knowledge of her rights."

The first part of the section prescribes the general course to be pursued by the wife in order to exempt her property from liability for her husband's debts. This to

end she must file for record, with the recorder of deeds of
the county, a notice of her ownership *before* the property
is levied upon for her husband's debts.  This portion of
the section makes no distinction between debts contracted
before and those contracted after the acquisition of the
property by the wife.  Under it the wife's property is
exempt from all debts, if the requisite notice is filed
before it is levied upon, and it is liable for all debts if the
notice is not filed before it is levied on.  The latter clause
of the section engrafts an exception upon the general
application of what precedes, and provides that in some
cases the wife's property shall not be exempt, although
the requisite notice be filed before levy.  The notice shall
not exempt her property from liability for his debts
contracted *after* the property was left under his control
and before the filing of the notice.  So that, as to debts
contracted before the acquisition of the property, she may
exempt her property by filing the notice *before* it is levied
upon; but she can exempt it from liability for a debt
contracted after the property is left under her husband's
control, only by filing the required notice before the debt
is contracted.

We have not been furnished by appellant with any of
the testimony taken upon the trial, and hence cannot say
2. INSTRUC- that his instruction should have been given,
TIONS: review
of.          nor that he has been prejudiced by those sub-
mitted by the court.  The instruction asked, it will be
observed, has reference to the date of issuing the attach-
ment, and the court is asked to instruct if, *at that time*,
no notice had been given of plaintiff's ownership, they
must find for the defendant if the property was under the
control of the husband at the time of the levy.

Now, it is apparent from the view of the statute above
taken that, if the debt for which the property was taken
was contracted before the wife acquired the property, and
she, intermediate the date of *issuing the attachment* and

Stewart v. Bishop.

the *levy*, caused to be filed the requisite notice, her property would be exempt, although left under her husband's control. In order to hold that there is error in refusing the above instruction, we must presume either that the debt was contracted after she acquired the property, or that she caused no notice to be filed with the recorder before the levy. We can indulge in no presumptions for the purpose of finding error. It is the duty of appellant to make the error appear affirmatively. And these remarks apply with equal force to the instructions given, and the modification by the court of the one asked. We can tell whether plaintiff has been prejudiced by the law given, only by knowing the facts to which it was applied.

Affirmed.